Matter of Cirami v Judlau Contr. Inc. (2021 NY Slip Op 01465)





Matter of Cirami v Judlau Contr. Inc.


2021 NY Slip Op 01465


Decided on March 11, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

531702

[*1]IN the Matter of the Claim of James Cirami, Respondent,
v
Judlau Contracting Inc. et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: February 5, 2021

Before: Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Goldberg Segalla, LLP, Syracuse (Cory A. DeCresenza of counsel), for appellants.
Persaud & Zeltman, Massapequa (Sharmine Persaud of counsel), for James Cirami, respondent.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for Workers' Compensation Board, respondent.



Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed October 29, 2019, which ruled that the employer and its workers' compensation carrier failed to comply with 12 NYCRR 300.13 (b) (1) and denied reconsideration and/or full Board review.
Claimant filed a claim for workers' compensation benefits alleging a work-related occupational disease for injuries to his neck and back. Multiple workers' compensation carriers were placed on notice, including Charter Oak c/o Travelers Casualty & Surety Co. (hereinafter Travelers). Following the submission of evidence and various hearings, a Workers' Compensation Law Judge, among other things, established the claim and set a date of disablement of February 20, 2018, resulting in Travelers being the liable carrier as it provided workers' compensation coverage for the employer on that date. The Workers' Compensation Board, by decision filed June 3, 2019, affirmed that decision upon administrative appeal. Thereafter, Travelers submitted a form RB-89.2 seeking reconsideration and/or full Board review. By decision filed October 29, 2019, the Board, finding that form RB-89.2 was not filled out completely, denied Travelers' application for reconsideration and/or full Board review. Travelers appeals from the October 29, 2019 Board decision denying reconsideration and/or full Board review.
We affirm. "It is well settled that the Board has the authority to adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law and that the Chair of the Board may make reasonable regulations consistent with the provisions of the statutory framework" (Matter of Griego v Mr Bult's, Inc., 188 AD3d 1429, 1430 [2020] [internal quotation marks and citations omitted]; see Workers' Compensation Law § 117 [1]). Pursuant thereto, the Board's regulation provides that an application for reconsideration of a Board panel decision and/or full Board review "shall be in the format prescribed by the Chair [of the Board]" and specifically states that such application "must be filed out completely" (12 NYCRR 300.13 [b] [1]). Where an application for review is incomplete, it "may be denied" by the Board, in its discretion (12 NYCRR 300.13 [b] [4] [i]; see Matter of Waufle v Chittenden, 167 AD3d 1135, 1136—1137 [2018]). There is no dispute that in its application, Travelers left blank question number 12 on form RB-89.2 — which asks whether the case is presently disallowed or established. Notwithstanding whether, as Travelers asserts, such information was readily discernable from the record, this does not negate the fact that Travelers failed to comply with the reasonable regulations of the Board by not filling out the application completely. As such, we find that the Board acted within its discretion in denying Travelers' application for reconsideration and/or full Board review, and its decision will not be disturbed (see Matter of Turcios v NBI Green, LLC, 182 AD3d 964, 965-966 [2020[*2]]; Matter of McCorry v BOCES of Clinton, Essex, Warren & Washington Counties, 175 AD3d 1754, 1756 [2019]; Matter of Swiech v City of Lackawanna, 174 AD3d 1001, 1005 [2019]).
Garry, P.J., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.